IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL McCOWAN, G-39572,<br><br>    Petitioner,<br><br>vs.<br><br>JOHN MARSHALL, Warden,<br><br>    Respondent. | No. C 10-0473 CRB (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

    Petitioner, a state prisoner incarcerated at the California Men's Colony in San Luis Obispo, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Per order filed on May 5, 2010, the court found that the petition, liberally construed, stated a cognizable claim under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted.  Respondent has filed an answer to the order to show cause and petitioner has filed a traverse.  Having reviewed the papers and the underlying record, the court concludes that petitioner is not entitled to habeas corpus relief.

## BACKGROUND

    Petitioner pleaded no contest to felony hit and run resulting in injury in Santa Clara County Superior Court after the court found that he had suffered two prior strikes and two prior prison terms.  On October 24, 2008, the court struck one of the prior strikes and sentenced petitioner to eight years in state prison.  The prison term was based on the upper term of three years, doubled under the Three Strikes Law, plus one year for each of the two prior prison terms.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and sought habeas relief from the Supreme Court of California. The state high court denied his final state habeas petition on December 23, 2009.

## DISCUSSION

### A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision

2

applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts, and only those holdings need be "reasonably" applied. Id.

**B.     Claim & Analysis**

Petitioner claims the trial court violated his Sixth Amendment right to a trial by jury as set forth in Cunningham v. California, 549 U.S. 270 (2007), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), by imposing the upper term for his offense on the basis of facts found by a judge and not a jury. The claim is without merit.

The Sixth Amendment guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by Apprendi and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations in addition to the fact finding on the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must

be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.  In Blakely, the Supreme Court held "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. at 303 (emphasis in original).  In Cunningham, the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the sentencing judge to impose an elevated sentence based on aggravating facts that he or she found to exist by a preponderance of the evidence.  549 U.S. at 292-93.

At the time Cunningham was decided, California's DSL, pursuant to former California Penal Code section 1170, provided a determinate sentencing scheme comprised of a lower, middle and upper term, with a required imposition of the middle term unless the court found aggravating or mitigating factors. Cunningham deemed the middle term the "statutory maximum" term, and it proscribed a sentencing scheme permitting a court to impose a higher sentence based upon a fact, other than a prior conviction, not admitted by the defendant nor found true by the jury.  Cunningham, 549 U.S. at 288.  Cunningham essentially applied Blakely to strike down California's DSL.

On March 30, 2007, in response to the Supreme Court's suggestion in Cunningham that California could cure any constitutional defect in section 1170(b) by leaving the selection of an appropriate sentence to the judge's discretion, Cunningham, 549 U.S. at 293-94, the California Legislature enacted Senate Bill 40, which amended section 1170(b).  See Cal. Stats. 2007, ch. 3 (S.B. 40), § 3, eff. Mar. 30, 2007; Butler v. Curry, 528 F.3d 624, 630 n.5 (9th Cir. 2008) (acknowledging amendment).  Under amended section 1170(b), a trial court still exercises its discretion in selecting among the upper, middle or lower

4

terms, but no additional fact finding is required to impose an upper or lower term. See Butler, 528 F.3d at 652 n.20 ("imposition of the lower, middle, or upper term is now discretionary and does not depend on the finding of any aggravating factors"); accord People v. Sandoval, 41 Cal. 4th 825, 843-45 (2007).

Here, the trial court sentenced petitioner on October 24, 2008, more than a year after the effective date of the amendment to section 1170(b). The applicable law at sentencing therefore was California's amended sentencing scheme, which the court finds complies with Cunningham as applied to petitioner. Specifically, under the new section 1170(b), the trial court was not required to find an additional fact in order to impose the upper term sentence. In fact, because the upper term at the time of petitioner's sentencing was the "statutory maximum" within the meaning of Cunningham, the trial court was permitted to rely on facts in addition to those found by the jury in the exercise of its discretion. See United States v. Booker, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.").

Habeas relief is further precluded by § 2254(d). In Cunningham, the Supreme Court acknowledged that several states had modified their sentencing schemes in the wake of Apprendi and Blakely to permit judges broad discretion within a statutory range, "which 'everyone agrees' encounters no Sixth Amendment shoal." Cunningham, 549 U.S. at 294 (quoting Booker, 543 U.S. at 233). Cunningham left "the ball . . . in California's court" to revise its system accordingly. Id. at 293-94. The California Legislature did exactly that by amending section 1170(b). Specifically, it adopted "Cunningham's suggestion that California could comply with the federal-trial constitutional guarantee while still retaining determinate sentencing, by allowing trial judges broad discretion in

selecting a term within a statutory range, thereby eliminating the requirement of a judge-found factual finding to impose an upper term." People v. Wilson, 164 Cal. App. 4th 988, 992 (2008).

In view of California's decision to follow Cunningham's suggested sentencing scheme in order to avoid a Sixth Amendment shoal, the state supreme court's rejection of petitioner's Sixth Amendment claim under such sentencing scheme cannot be said to be contrary to, or an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d); accord Espinoza Bermudez v. Clark, No. 09-cv-275-OWW-SMS, 2010 WL 2089670, at *7 (E.D. Cal. May 21, 2010) (upholding upper term sentence imposed after effective date of DSL amendment). Put simply, petitioner has not shown that there was "no reasonable basis for the state court to deny relief." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:  April 20, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\McCowan, N1.denial.wpd

6